**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ALIANDRO CALERO LLANES** | **CASE NO. 1:26-CV-04838 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN WINN CORRECTIONAL CENTER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## ORDER

Presently before the Court is a Motion for Temporary Restraining Order [ECF No. 2], filed by habeas Petitioner Aliandro Calero Llanes. Petitioner seeks an order prohibiting his transfer outside of the Western District of Louisiana while his habeas petition remains pending, absent prior authorization from this Court.[1] He asserts that although respondents have not issued a transfer notice nor scheduled a transfer, such a transfer "during the pendency of this proceeding could complicate access to the Court, communication, and timely presentation of the evidence."[2]

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[3] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[4]

---

[1] ECF No. 2 at 1.
[2] *Id.* at 2.
[3] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[4] *Miss. Power & Light Co.* at 621.

Here, Petitioner has failed to how there is a substantial threat that irreparable harm will result if the injunction is not granted. Any such transfer would not deprive the Court of jurisdiction, and therefore injunctive relief is unwarranted.[5] For these reasons,

IT IS ORDERED THAT the Motion for Temporary Restraining Order [ECF No. 2] is DENIED. The petition for habeas corpus will be ruled on in due course.

THUS DONE in Chambers on this 23rd day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[5] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").